# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**LARRY J. FLORES,**

      **Petitioner,**

**v.**                                **No. CIV 98-1109 MV/JHG**

**KENNETH S. APREL, Commissioner,**
**Social Security Administration,**

      **Defendant.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

This matter is before the Court on Plaintiff's (Flores') Motion to Reverse and Remand Administrative Decision, filed May 26, 1999. The Commissioner of Social Security issued a fnal decision denying Flores' application for disability insurance benefits and supplemental security income. Having considered the arguments, pleadings, administrative record, relevant law, and being otherwise fully informed, the Court finds that the motion is well taken and recommends that it be GRANTED.

Flores, now 49 years old, filed his application for disability insurance benefits and supplemental security income on May 15, 1996, alleging disability since May 7, 1996. Flores claimed the following impairments: 1) chronic cocaine abuse; 2) alcohol abuse; 3) a substance induced mood disorder; 4) degenerative lumbar disc disease; 5) status post shoulder fracture; and 6) chronic back and shoulder pain. On October 28, 1997, the Administrative Law Judge (ALJ) denied benefits finding that although Flores had severe impairments they did not meet or equal

any of the disorders described in the Listing of Impairments. Tr. 14. In addition, the ALJ found that Flores' cocaine, alcohol abuse and substance induced mood disorder were contributing factors material to the determination of disability. *Id.* The ALJ found Flores could not perform any of his past relevant work but had a residual functional capacity (RFC) for a least a full range of sedentary work but for alcohol and drug abuse. Tr. 16. Accordingly, the ALJ concluded Flores was not disabled and thus not entitled to either disability insurance benefits or supplemental security income. Tr. 18. On September 3, 1998, the Appeals Council concluded there was no basis under Social Security Administration regulations for granting Flores' request for review. Thus, the decision of the ALJ became the final decision of the Commissioner for judicial review purposes. Flores seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health and Human Services,* 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

In order to qualify for disability insurance benefits or supplemental security income, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993)(citing 42 U.S.C. §423(d)(1)(A)). The regulations of the Social Security Administration require the

2

Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520 (a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. *Thompson v. Sullivan*, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show he is not engaged in substantial gainful employment, he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities, and his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or he is unable to perform work he had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. *Id.*

In support of his motion to reverse or remand, Flores argues the following: 1) the ALJ erred in analyzing whether Flores' substance abuse was material to a finding of disability; 2) the ALJ erred in finding Flores could perform a full range of sedentary work; 3) the ALJ erred in improperly applying "the grids" because of substantial non-exertional limitations and an inability to perform the full range of work and should have had a vocational expert testify; and 4) the ALJ erred in failing to develop the record regarding a possible severe seizure disorder impairment.

Defendant first argues this Court is precluded from reviewing Flores' arguments because he failed to preserve his right to review the issues he now raises before this Court when he did not present them for administrative review. Plaintiff stated in his Request for Review, "I am disabled, new evidence of physical health." Tr. 7. "[I]ssues not brought to the attention of the Appeals Council on administrative review may, **given sufficient notice to the claimant**, be deemed

3

waived on subsequent review." *James v. Chater*, 96 F.3d 1341, 1343 (10th Cir. 1996)(emphasis added). The Court has reviewed the Notice of Decision advising Flores of his appeal rights and finds it does not inform Flores that failure to raise issues before the Appeals Council could result in a waiver. *See*, *Stephens v. Callahan*, 971 F.Supp. 1388, 1392 n.4 (N.D. Okla. 1997)(Notice of Decision does not inform Plaintiff that failure to raise issues before the Appeals Council could result in a waiver). Accordingly, the Court finds Defendant did not give Flores adequate notice to apply the waiver rule to his case.

In his October 28, 1999 decision, the ALJ found Flores' cocaine abuse and substance induced mood disorder met or equaled Listing Sections 12.04 and 12.09, two of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1. However, the ALJ found Flores' substance abuse was material to a finding of disability.[1]

Plaintiff claims the ALJ failed to follow the process set out under 20 C.F.R §§ 404.1535 and 416.935. Under these sections, a finding of disability by the ALJ is a condition precedent to the ALJ determining whether a drug addiction or alcoholism is a contributing factor material to the determination of disability. 20 C.F.R. §§ 404.1535(a), 416.935(a). Once the ALJ finds the claimant disabled, the ALJ follows the process outlined under §§ 404.1535(b) and 416.935(b) to determine whether drug addiction or alcoholism is a contributing factor material to determining disability. This process requires the ALJ determine whether a claimant would still be disabled if

---

[1] On March 29, 1996, Congress amended provisions of both Title II (disability insurance benefits) and Title XVI (supplemental security income) to provide that "[a]n individual shall not be considered to be disabled for purposes of this title if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." Contract With America Advancement Act of 1996, Pub.L. 104-121, §105(a)(1), (b)(1), 110 Stat. 847, 852, 853 (codified as amended at 42 U.S.C. § 423(d)(2)(C), 1382c(a)(3)(J) (1997).

4

he or she stopped using drugs or alcohol. §§ 404.1535(b)(1), 416.935(b)(1). In making this determination, the ALJ evaluates which of a claimant's current physical and mental limitations, upon which the ALJ determined disability, would remain if the claimant stopped using drugs or alcohol. §§ 404.1535(b)(2), 416.935(b)(2). If any of the remaining limitations would be disabling independent of the drug addiction or alcoholism, the ALJ will make a finding that the claimant's drug addiction or alcoholism is not a contributing factor material to determining disability. §§ 404.1535(b)(2)(ii), 416.935(b)(2)(ii). However, if the ALJ determines that a claimant's remaining limitations would not be disabling, the ALJ will make a finding that the claimant's drug addiction or alcoholism is a contributing factor material to determining disability. §§ 404.1535(b)(2)(i), 416.935(b)(2)(i).

The Court has reviewed the record and finds the ALJ followed this process. In his October 28, 1997 Notice of Decision, the ALJ found Flores' shoulder condition and back condition did not meet or equal in severity any of the disorders described in the Listing of Impairments. Tr. 14. The ALJ further found Flores' cocaine and alcohol abuse and substance induced mood disorder "may well meet or equal Listing Sections 12.04 and 12.09." Tr. 15.

Listing Section 12.04 addresses **Affective Disorders.** These disorders are "[c]haracterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome." 20 C.F.R. Part 404, Subpt. P, App. 1, § 12.04. Listing Section 12.09 addresses **Substance Addiction Disorders**. These disorders are "[b]ehavorial changes or physical changes associated with the regular use of substances that affect the central nervous system." 20 C.F.R. Part 404, Subpt. P, App. 1, § 12.09. Listing Sections 12.04 and 12.09 have requirements that a claimant must satisfy before the Commissioner will make a finding of disability.

5

The record reflects Flores admitted to continued drug use at his Administrative hearing. Tr. 51. Additionally, on November 26, 1996, Flores' treating physician assessed him as having polysubstance dependence and substance induced mood. Tr. 150. Accordingly, the Court finds that, in finding that Flores' substance abuse was material to a finding of disability, the ALJ applied correct legal standards and this finding is supported by substantial evidence.

Flores next contends the ALJ erred in finding he could perform a full range of sedentary work. In his October 28, 1997, the ALJ found that if Flores were not abusing alcohol and drugs he would be able to perform a full range of sedentary work and would not be disabled. The ALJ considered (1) Dr. Herrera's consultative examination report (Tr. 114-117), which was quite thorough, (2) an x-ray report of July 15, 1996, (3) the July 31, 1996 Residual Physical Functional Capacity Assessment (Tr. 118-125), and (4) Flores' statements concerning what he was able to do and his daily activities. The ALJ also found that although Flores had symptom-producing medical problems he exaggerated the symptoms and functional limitations they produced. Tr. 15. The Court finds that the ALJ's finding that Flores could perform a full range of sedentary work is supported by substantial evidence in the record.

Flores also argues the ALJ improperly applied the "grids" because of substantial non-exertional limitations and an inability to perform the full range of work, and also claims the ALJ should have had a vocational expert testify.

At the fifth and final step of the sequential evaluation, the ALJ must determine whether Flores has the RFC "to perform other work in the national economy in view of his age, education, and work experience." *Bowen v. Yuckert,* 482 U.S. 137, 142 (1987). Work existing in the economy is classified as sedentary, light, medium, heavy, and very heavy. At this step, the

Secretary bears the burden of proof. *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988). "A claimant's RFC to do work is what the claimant is still functionally capable of doing on a regular and continuing basis, despite his impairments: the claimant's maximum sustained work capability." *Id.* To meet this burden, the Secretary may rely on the Medical-Vocational Guidelines (grids), 20 C.F.R., pt. 404, Subpt. P, App. 2 (1986), which consider a claimant's RFC in relation to his age, education, and work experience. *Id.*

The ALJ first determines the type of work, based on physical exertion requirements, that the claimant has the RFC to perform. "To determine the claimant's RFC category, 'the decision maker assesses a claimant's physical abilities and, consequently, takes into account the claimant's exertional limitations (i.e., limitations in meeting the strength requirements of work).'" *Williams v. Bowen*, 844 F.2d at 752. After the decision maker places a claimant in a particular RFC, the decision maker then turns to the grids which direct a conclusion as to whether a claimant is or is not disabled. *Id.* However, when a claimant suffers both exertional and nonexertional limitations[2] and the exertional limitations in and of themselves do not establish disability, the grids provide no more than a framework for determining disability and may not be applied conclusively. *Id.* Therefore, "if a significant number of jobs presumed by the grids to exist for a claimant cannot be performed on a continuing and regular basis because of the claimant's nonexertional limitations, the claimant may be disabled even though he may be exertionally capable of meeting the strength requirements of those jobs." *Id.*

---

[2] "Nonexertional limitations may include or stem from sensory impairments; **epilepsy**; mental impairments, such as the inability to understand, to carry out and remember instructions, and to respond appropriately in a work setting; postural and manipulative disabilities; psychiatric disorders; chronic alcoholism; drug dependence; dizziness; and pain." *Williams v. Bowen,* 844 F.2d at 752 (emphasis added).

In this case, the ALJ failed to develop the record as to Flores' complaints of seizures which may affect the outcome. Therefore, the Court will remand the case for further inquiry as discussed below.

Finally, Flores argues that the ALJ breached his duty to develop the record regarding a possible severe seizure disorder impairment. "The ALJ has a basic obligation in every social security case to ensure that an adequate record is developed during the disability hearing consistent with the issues raised." *Henrie v. United States Dep't of Health & Human Services*, 13 F.3d 359, 360-61 (10th Cir. 1993). The ALJ's duty "is one of inquiry, ensuring that the ALJ is informed about facts relevant to his decision and learns the claimant's own version of those facts." *Id.* at 361 (quotations and brackets omitted).

Flores' argument has merit. At the July 11, 1997 Administrative Hearing, Flores informed the ALJ he had suffered a seizure and was hospitalized for five days. Tr. 39. The ALJ inquired as to the frequency of the seizures, and Flores informed him he was having seizures "pretty regular" and they were occurring every 3 or 4 days. Tr. 42. Flores also informed the ALJ he could no longer drive due to the seizures. Tr. 41. In light of the information provided by Flores, the ALJ did not meet his burden of fully and fairly developing the record. The Court will remand the case so that the ALJ can order a consultative examination to determine if Flores' seizures meet or equal Listing Sections 11.02 or 11.03.

**JOE H. GALVAN**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE**

```
     Within ten days after a party is served with a copy of these
proposed findings and recommended disposition that party may,
```

pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.